In the interest of: Michael WILSON,
Jr.,* Born November 14, 1987

No. 0101025621.

Family Court of Delaware,
Sussex County.

Submitted: July 23, 2001.
Decided: Aug. 6, 2001.

James Maxwell, Esquire, Deputy Attorney General, Wilmington, Delaware, Counsel for the State.

William E. Moore, Esquire, Public Defender, Georgetown, Delaware, Counsel for the Respondent.

## ORDER

MILLMAN, J.

On February 14, 2001, Michael Wilson, Jr. entered pleas of guilty to charges of Rape 4th (felony) and Assault 3rd (misdemeanor). After the completion of a Consultation and Assessment Evaluation [1] by the Division of Child Mental Health, on July 2, 2001, respondent was committed to the Department of Services for Children,

Mentor has not shown why that procedure could not have been followed here.

* A pseudonym assigned by this Court pursuant to Rule 7(d).

1. This evaluation was conducted by a licensed psychologist of the Division of Child Mental Health. The evaluation included clinical interviews with the respondent, his parents, and a review of court records, FACTS records, respondent's school records and treatment records. Also, testing included the Child Sexual Behavior Inventory, Behavior Assessment System for Children (BASC), Juvenile Sexual Offender Decision Criteria, the Millon Adolescent Clinical Inventory (MACI), Personal Experience Screening Questionnaire (PESQ), Revised Children's Manifest Anxiety Scale (RCMAS), Sex Offender Screening and the Wechsler Intelligence Scale for Children–III–Revised (WISC–III–R).

Youth and Their Families ("Department") for placement at Level V[2] which was suspended pending further action in this case.

The Department, based on the dispositional guidelines, now recommends that respondent be placed at Diversified Treatment Alternative ("DTA") in Lewisburg, Pennsylvania.

### Level IV Placement

Respondent's lead charge of Rape 4th is a Class C Felony.[3] Under the dispositional guidelines, a Class C Felony is a presumptive Level V placement.[4] The Department contends, however, respondent's rehabilitative needs require treatment only at a Level IV placement.[5] In support of its position, the Department cites mitigating factors of respondent's lack of prior adjudications and the findings of the Child Mental Health evaluation which recommended treatment exceed the need for punishment, i.e., a Level V placement.[6]

Respondent agrees with the Department's position that a Level V placement is not appropriate in this case, but he suggests placement should be at Level III.[7]

The Department contends that the issues facing respondent cannot be addressed in an outpatient setting. The De-partment believes the respondent may well have a learning disability. Also, the evaluation completed by Child Mental Health finds respondent has poor verbal comprehension, poor concentration, poor problem-solving skills, poor short-term memory and poor social skills. Respondent is quiet and shy and suffers from low self-esteem. The Department believes that respondent has the potential to offend again and may do so without people noticing because of his quiet and unassuming nature. The evaluation conducted by Child Mental Health also finds that his family structure is weak. A juvenile with respondent's many problems, the Department contends, must have the highest priority within the family in order to effectively address those issues. Missed outpatient appointments with his counselor would undermine the treatment program. Lastly, the Department argues, there are no outpatient programs available to respondent in this state which would address his particular needs to the extent that they must be addressed.

In response to the Department's position and in support of his position for a Level III placement, respondent offers the opinion of his own psychologist, Joseph Zingaro, Ph.D. Dr. Zingaro's clinical find-

2. Title 10 *Del. C.* § 1008 established a Committee on Dispositional Guidelines for Juveniles. The Committee was directed "to develop recommendations on guidelines for use in determining dispositions for juvenile offenders." The purpose of the guidelines is to bring uniformity to the juvenile delinquency sentencing process with the intent that only the chronic and violent juvenile offenders be placed in secure detention while other adjudicated youth are served in less restrictive programs. On June 3, 1998, the Committee issued its present set of guidelines. The guidelines call for five levels of programs for juveniles in treatment. The intensity of the programs begins with Level I and end with Level V being secure detention.

3. Title 11, *Del. C.* § 770. Rape in the fourth degree; Class C Felony.

4. Dispositional Guidelines for Juveniles, Appendix A, Page 11. Level V placement is a secured program in which the juvenile offender is under 24–hour supervision in a locked setting.

5. Under the guidelines, a Level IV is a staff-secured, out-of-home placement. This program would involve 24–hour supervision. Dispositional Guidelines for Juveniles, Page 5.

6. Dispositional Guidelines for Juveniles, Appendix A, Page 4.

7. Level III placement involves an intensive program and is the highest level of non-secure community programs. Under this level of placement, respondent would remain at home and receive outpatient services. Dispositional Guidelines for Juveniles, Page 4.

ings are consistent with the Division of Child Mental Health's findings. It is only the placement recommendation of respondent that differs. As earlier stated, respondent's treatment must be of the highest priority to his family, yet Dr. Zingaro admits that he found that the parents "have difficulty being as responsible as they need regarding [respondent's] needs, given their work obligations and survival needs as a family." [8]

■ When one couples the family difficulties faced in this case with what the Court believes is an insufficient outpatient program for respondent, I am led to the conclusion that a Level IV placement is appropriate.

### Article VI

■ Having determined that a Level IV placement is appropriate in this case to meet respondent's specialized needs, the Department seeks authority to place respondent at Diversified Treatment Alternative in Lewisburg, Pennsylvania. Diversified Treatment Alternative operates a 20–bed residential treatment facility designed for Level III and Level IV sexual offenders. The standard length of stay at this facility is 13 months. DTA targets males ages 10 to 15. The facility is located approximately five to six hours from respondent's home.

Title 31, *Del. C.*, § 381, Article VI, requires that before an adjudicated delinquent is placed in an institution in another jurisdiction, the Court must find: 1) equivalent facilities for the child are not available in this state; and 2) institutional care in another jurisdiction is in the best interest of the juvenile and will not produce undue hardship.

With respect to the first prong of this two-prong test, it is admitted by all parties that equivalent Level IV facilities to meet respondent's needs do not exist in this

state. While respondent requests that the Department be directed to develop a program to meet his special needs in this state, the Court can find no basis in the present record before it to require the Department and this state to engage in this undertaking.

The Court has previously determined it is in respondent's best interest that residential treatment (placement at Level IV), as opposed to outpatient counseling is in his best interest. As to the issue of undue hardship, the Court is concerned with the distance the respondent will be from his home and his family, which is a traveling distance of five or six hours by vehicle.

The Department testified that family involvement is an important component of respondent's treatment in this program. Monthly visits on Saturday for three hours are a part of this program. This visitation time presumably can be extended, if warranted. Since such distance exists between the program site and respondent's home, presumably this distance would be a basis for expanded visitation when the family is able to visit.

To assist the family with travel costs, the Department will provide the family with some financial assistance and, if necessary, even provide transportation through contractual services. This program will also provide in-home counseling to the family to assist them and respondent in dealing with the issues being addressed.

With these services available to respondent and his family, I am satisfied that the placement at DTA will not produce an undue hardship. Accordingly,

**IT IS ORDERED** that Michael Wilson, Jr. is hereby committed to the custody of the Department of Services for Children, Youth and Their Families for placement at Ferris School (Level V) for an indetermi-

8. Report of Dr. Joseph C. Zingaro, Page 4.

nent period of time. This placement is suspended and with the approval of the Department of Services for Children, Youth and Their Families, Michael Wilson, Jr. is hereby placed at Diversified Treatment Alternative in Lewisburg, Pennsylvania. Should respondent fail to successfully complete the program at Diversified Treatment Alternative, the Level V commitment to Ferris School for an indeterminent period of time shall be reimposed.

**IT IS FURTHER ORDERED** that a Dispositional Hearing in this matter to review the Case Plan of the Department of Services for Children, Youth and Their Families shall be held on **Wednesday, September 5, 2001, at 9:00 a.m.**